IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
                                    )
LIOBMedia, LLC,                     )
                                    )
        Plaintiff and               )
        Counter-Claim Defendant,    )
                                    )   Civil Case No. 1:07cv355
            v.                      )
                                    )
DATAFLOW/ALASKA, INCORPORATED,      )
                                    )
        Defendant and               )
        Counter-Claim Plaintiff     )
                                    )
```

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Transfer Venue.  Defendant and Counter-Claim Plaintiff DataFlow/Alaska, Inc. moves to transfer venue of the instant case to the United States District Court for the District of Alaska. Defendant argues that this matter should be transferred to Alaska because the parties' written agreement that forms the basis of Plaintiff LIOBmedia, LLC's breach of contract claim against Defendant DataFlow/Alaska, Inc. stipulates that all disputes arising between the parties should be litigated in Alaska courts and governed by Alaska law.

Plaintiff and Counter-Claim Defendant LIOBmedia, LLC is a Virginia small business with its principal office located in

2

Alexandria, Virginia.   Defendant and Counter-Claim Plaintiff,

Dataflow/Alaska, Inc. is an Alaska corporation with offices in

Anchorage, Alaska.   On August 9, 2006, Plaintiff and Defendant

entered into a Teaming Agreement[1] to provide information

technology services to the U.S. Department of Treasury's

financial Crimes Enforcement Network ("FinCEN").   The contracted

services were to be performed at FinCEN's Vienna, Virginia

location.   The Teaming Agreement was executed on behalf of

Plaintiff by its Managing Member, Mr. Chima Obioha, and on behalf

of Defendant by its Chief Financial Officer, Ms. Barbara Bach.

During the negotiation of the Teaming Agreement, Ms. Bach and

other representatives and employees of Defendant communicated

with Mr. Obioha in Virginia and traveled to Virginia for

meetings.   At no point did any representative or employee of

Plaintiff travel to Alaska in connection with any agreement

between the parties.

In relevant part, the Teaming Agreement contains the
following:

> 6.05 Exhibit B hereto, entitled 'Mutual Non-Disclosure
> Agreement,' is incorporated by reference.

> 6.11 Any controversy or claim arising between the
> parties out of or in connection with the provisions of
> the Agreement shall be resolved by amicable discussions
> between appropriate executives of the respective
> companies who are a party to this Agreement.   If such
> discussions do not result in a resolution of the

---

[1] Plaintiff attached a copy of this written agreement to the
Complaint.   Plaintiff also included a copy of the Non-Disclosure
Agreement.

controversy or claim, either party may file suit in any court of competent jurisdiction.

6.13 Irrespective of the place of performance, this Agreement will be construed and interpreted according to the federal common law of government contracts as enunciated and applied by federal agencies of the federal government.  To the extent that the federal common law of government contracts is not dispositive, the laws of Alaska shall apply.

The parties also executed a Non-Disclosure Agreement on August 9, 2006, which is incorporated by reference into the Teaming Agreement.  The Non-Disclosure Agreement was executed on behalf of Plaintiff by Mr. Obioha and on behalf of Defendant by Ms. Bach.  The Non-Disclosure Agreement governs the exchange of confidential information between the parties and contains a forum selection clause specifying that the courts of Alaska shall resolve disputes "concerning the subject matter hereof."  In relevant part, this Agreement contains the following:

17. [ ] This Agreement shall be governed and construed in accordance with the laws of the State of Alaska without regard to its choice of law provisions.  By signing this Agreement, both Parties agree to first seek resolution through mediation.  Failing resolution through that means, the Parties agree to submit to the jurisdiction and venue of courts located in or serving Alaska.

On February 22, 2007, Plaintiff filed suit against Defendant in the Circuit Court for the City of Alexandria, Virginia. Defendant removed the action to this Court and filed a counterclaim alleging Plaintiff tortiously interfered with the Teaming Agreement.  To date, no allegations exist with regard to

4

any breach of the Non-Disclosure Agreement.

Defendant now asks the Court to transfer this case to the United States District Court for the District of Alaska.  Motions to transfer venue under 28 U.S.C. § 1404(a)(2000) require that courts apply a two-part test.  First, a court must determine whether the action before it "might have been brought" in the district where transfer is requested (in this case the Alaska district), which requires that personal jurisdiction and venue are proper in the transferee court.  Corry v. CFM Majestic Inc., 16 F. Supp. 2d 660, 663 (E.D. Va. 1998); see also Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).  Second, the court must exercise its discretion to decide whether the action should be transferred "[for] the convenience of the parties and witnesses, in the interest of justice."  Koh, 250 F. Supp. 2d at 630.  In exercising this discretion, "[f]orum selection clauses are prima facie valid and should be enforced when made in arms-length transactions by sophisticated businessmen, absent some compelling and countervailing reason."  Atley Pharms. v. Brighton Pharms., Inc., No. 3:06cv301, 2006 U.S. Dist LEXIS 72614, at *3 (E.D. Va. Oct. 5, 2006)(citing Sterling Forest Assoc. v. Barnett-Range Corp., 840 F.2d 249, 251 (4th Cir. 1988)).

Defendant argues that the forum selection clause contained in the Non-Disclosure Agreement that states the "Agreement shall

5

be governed and construed in accordance with the laws of the State of Alaska" and that "[p]arties agree to submit to the jurisdiction and venue of courts located in or serving Alaska" dictates that this Court exercise its discretion to transfer this case to the District of Alaska.

Plaintiff claims that Defendant breached the terms of the Teaming Agreement. Section 6.05 of the Teaming Agreement incorporates the Non-Disclosure Agreement by reference for the limited purpose of governing the exchange of confidential information between the parties. It is a well settled principle of contract law that where the incorporated material "is referred to for a specific purpose only, it becomes part of the contract for such purpose only, and should be treated as irrelevant for all other purposes." 11 Richard A. Lord, Williston on Contracts § 30.25 (4th ed. 1991). The Non-Disclosure Agreement is referred to for a specific purpose in the Teaming Agreement and thus, the Non-Disclosure Agreement only becomes part of the contract for that specific purpose. Defendant misreads the Non-Disclosure Agreement's forum selection clause as applying to claims brought under the Teaming Agreement that has its own forum selection clause allowing the case to proceed in this Court. If a breach of the Non-Disclosure Agreement were alleged, then the forum selection clause of Paragraph 17 would be operative as to that breach. In the instant case, no such claim exists and therefore

6

Paragraph 17 of the Non-Disclosure Agreement is inapplicable.

The fact that suit is authorized in this Court does not end the analysis for purposes of Defendant's Motion to Transfer Venue. Even if the Teaming Agreement had a specific forum selection clause, the convenience of the parties and witnesses must still be weighed. The United States Supreme Court noted that "Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs" and that "[i]t is conceivable in a particular case, for example, that because of these factors a district court acting under § 1404(a) would refuse to transfer a case notwithstanding the counterweight of a forum selection clause." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 108 (1988). Thus, the Stewart decision requires a district court sitting in diversity "to balance the conveniences of the parties and witnesses pursuant to 28 U.S.C. § 1404(a) even though a forum selection clause is present." Venners v. Kimball International, Inc., 749 F. Supp. 714, 714-15 (E.D. Va. 1990).

A balancing of the factors under § 1404(a) weighs in favor of venue remaining with this Court. First, Plaintiff's initial choice of forum must be given weight. Koh, 250 F. Supp. 2d at 633. Moreover, the stronger the contacts between Plaintiff's chosen venue and the cause of action, the greater the weight afforded to Plaintiff's choice of venue. Bd. Of Trs. Sheet Metal

7

<u>Workers' Nat'l Pension Fund v. Sullivant Avenue Properties, LLC</u>,
No. 1:07cv11, 2007 U.S. Dist LEXIS 36635, at *5 (E.D. Va. May 17,
2007) (internal citations omitted).

Plaintiff's choice of forum is entitled to additional weight
because the contacts between this action and this District are
strong.  The contract at issue -- the Teaming Agreement -- was
largely negotiated and entered into by the parties in this
District.  Moreover, the performance of the Teaming Agreement was
to occur in this District at FinCEN's Vienna, Virginia location.
In addition, when Defendant allegedly breached the Teaming
Agreement, the cause of action arose in this District.  In light
of the above factors, this Court can conclude that the majority
of documents and witnesses associated with the negotiations of
the Teaming Agreement, its performance, and alleged breach are
located in this District.  Venue in this District will provide
great convenience and access to the largest number of prospective
witnesses and the majority of the evidence.

The fact that Defendant alleges that Alaska law may apply is
not enough to justify transfer of venue.  The Teaming Agreement
states that it "will be construed and interpreted according to
the federal common law of government contracts" and that "[t]o
the extent that the federal common law of government contracts is
not dispositive, the laws of Alaska shall apply."  Federal
contract law is the primary choice of law and Alaska law applies

8

only if the dispute cannot be resolved by that jurisprudence. This Court is well suited to apply federal contract law and Alaska law if necessary and venue should remain in this Court.

As noted earlier, the Teaming Agreement allows for suit "in any court of competent jurisdiction," and because the claims do not arise under the Non-Disclosure Agreement, the Non-Disclosure Agreement's forum selection clause does not apply.  Based upon a balancing of the requirements of § 1404(a), this Court finds that the balancing weighs in favor of this case remaining in this District.

For the reasons set forth above, Defendant's Motion to Transfer Venue should be DENIED.  An appropriate order shall issue.

/s/
_____
UNITED STATES DISTRICT JUDGE
CLAUDE M. HILTON

Alexandria, Virginia
July _16_, 2007

9